JASON WOO ATTORNEY AT LAW LLLC
A Limited Liability Law Company

JASON WOO          8542
820 W. Hind Drive, No. 240524
Honolulu, Hawaii 96824
808-220-4486
Email: jwoo@jasonwoolaw.com

Attorney for Plaintiff
MARC-ANDRE KIRCHHOF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARC-ANDRE KIRCHHOF,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HAWAII ASSOCIATION OF UNION AGENTS, HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (HGEA/AFSCME LOCAL 152); MICHAEL YUEN, in his official capacity as HAWAII ASSOCIATION OF UNION AGENTS President and Representative; MICHELE MITRA, in her official capacity as Maui Island Division Chief for HGEA/AFSCME LOCAL 152; WILBERT HOLCK, in his official capacity as Deputy Executive Director for HGEA/AFSCME LOCAL 152; JOHN DOES 1-10; JANE DOES 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10,<br><br>                    Defendants. | No. CV _____<br><br>COMPLAINT; JURY DEMAND |

**COMPLAINT**

Comes now Plaintiff MARC-ANDRE KIRCHHOF, by and through his attorney, Jason Woo, Attorney at Law, LLLC, complains against Defendants HAWAII ASSOCIATION OF UNION AGENTS (hereinafter, "HAUA" or "Union"), HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (hereinafter, "HGEA" or "Employer"), MICHAEL YUEN, in his official capacity as HAUA President and Representative, MICHELE MITRA, in her official capacity as Maui Island Division Director for HGEA; and WILBERT HOLCK, in his official capacity as Deputy Executive Director for HGEA, and alleges and avers as follows:

## I.      NATURE OF THE CASE

1.      Plaintiff's Complaint arises from HGEA's violation and breach of the Collective Bargaining Agreement between HGEA and HAUA by wrongfully terminating Plaintiff without just and proper cause; and from HAUA's breach of its duty of fair representation, by its arbitrary and bad faith decision not to proceed with arbitration in response to Plaintiff's wrongful termination and by its perfunctory processing of Plaintiff's rights under the Collective Bargaining Agreement.

## II.      PARTIES

2.      Plaintiff MARC-ANDRE KIRCHHOF (hereinafter referred to as "Plaintiff"), has been, and continues to be, at all material times herein, a resident of the County of Maui, State of Hawaii.

3.      Defendant HGEA is and was at all material times herein, a corporation, duly organized and operating pursuant to the laws of the State of Hawaii, and engaged in providing services to preserve and advance employee rights and benefits through collective bargaining, legislative

advocacy and political action, with its principal place of business at 888 Mililani Street, #601, Honolulu, Hawaii 96813.

4.     Defendant HAUA is a labor organization, which serves as the sole and exclusive representative for all unionized HGEA Union Agent employees covered by its Collective Bargaining Agreement with HGEA and its principal place of business is at 888 Mililani Street, #601, Honolulu, Hawaii 96813.

5.     Defendant MICHAEL YUEN, in his official capacity as HAUA President and Representative, is and was at all relevant times a representative of HAUA and a resident of the City and County of Honolulu, State of Hawaii.

6.     Defendant MICHELE MITRA, in her official capacity as Maui Island Division Chief for HGEA, is and was at all relevant times an agent of HGEA and a resident of Maui County, State of Hawaii.

7.     Defendant WILBERT HOLCK, in his former official capacity as Deputy Executive Director for HGEA, was at all relevant times an agent of HGEA and a resident of the City and County of Honolulu, State of Hawaii.

8.     Defendants JOHN DOES 1-10; JANE DOES 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10 (collectively "Doe Defendants") are persons, entities, or governmental units who are or were agents, servants, officers, directors, employers, employees, representatives, partners, or associates of the named defendants, and/or who in come manner are responsible for the damages sustained by Plaintiff and whose names and identities are presently unknown to Plaintiff or his attorney.

### III.   JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiff's claims against Defendant HGEA pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

10.     This Court has jurisdiction over Plaintiff's claims against Defendant HAUA under Section 301 of the Labor Management Relations Act of 1947, as amended, the National Labor Relations Act, 29 U.S.C. Section 158, and 28 U.S.C. Sections 1331 and 1337.

11.     All of the acts, omissions and transactions alleged herein occurred entirely in the State of Hawaii.  As such, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.   FACTUAL ALLEGATIONS

12.     The stated purpose and policy of the Labor Management Relations Act (hereinafter, "LMRA") is to "promote the full flow of commerce, to prescribe the legitimate rights of both employees and employers in their relations affecting commerce, to provide orderly and peaceful procedures for preventing the interference by either with the legitimate rights of the other, to protect the rights of individual employees in their relations with labor organizations whose activities affect commerce[.]"  *See* 29 U.S.C. Section 141.

13.     LMRA, 29 U.S.C. Section 185, authorizes "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" and provides that "[a]ny labor organization which represents employees in an industry affecting commerce . . . and any employer whose activities affect commerce . . . shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and on behalf of the employees whom it represents[.]"

14.     At all relevant times, HGEA is and was an "employer" as defined by LMRA, 29 U.S.C. Section 152(2).

15.     At all relevant times, HAUA is and was a "labor organization" as defined by LMRA, 29 U.S.C. Section 152(5).  HAUA is a duly recognized "labor organization" that is registered with the United States Department of Labor, Office of Labor-Management Standards under file no. 516-953.

16.     At all relevant times, Plaintiff is and was an "employee" as defined by LMRA, 29 U.S.C. Section 152(3).

17.     At all relevant times, relations between HGEA and HAUA have been governed by the "AGREEMENT BETWEEN HAWAII GOVERNMENT EMPLOYEES ASSOCIATION AFSCME LOCAL 152, AFL-CIO AND HAWAII ASSOCIATION OF UNION AGENTS (HAUA) JULY 1, 2007 – JUNE 30, 2009" which remained in effect and was "renewed thereafter with respect to the subject matter covered, unless either party gives written notice to the other party of its desire to amend, modify, or terminate the Agreement[.]" (hereinafter referred to as "Collective Bargaining Agreement" or "CBA").

18.     At all relevant times, Article 1 of the CBA recognized HAUA as the "exclusive bargaining agent of the unit certified by the National Labor Relations Board".

19.     From February 2, 2004 through September 4, 2014, Plaintiff was employed as a full time Union Agent at various levels (I-V) with Employer HGEA. Plaintiff was a Union Agent IV at the time of his termination.

20.     From February 2, 2004 through present, Plaintiff has been a HAUA member in good standing and, throughout his employment with HGEA, was covered by the CBA.

21.     Upon hire, Plaintiff signed an authorization for the automatic deduction from his wages, certain specified amounts for Union membership dues or service fees to cover HAUA's costs in negotiating and administering the CBA pursuant to Article 3 of the CBA.

22.     Article 10 of the CBA provides that "The Employer and the Union shall not discriminate against any Employee on the basis of race, color, religion, national origin, sex, or disability."

23.     Article 12A of the CBA provides in part that "No permanent Employee shall be disciplined or discharged without proper cause."

24.     Article 12C of the CBA provides that "The Employee shall not suffer any disciplinary or discharge action for any alleged violation if such action is not taken within twenty (20) working days of either the alleged violation or the Employer's knowledge of such alleged violation, whichever is later."

25.     Article 13A provides that "An Employee shall, upon request and by appointment, be permitted to examine his personnel file. He shall be given a copy of any material if it is to be used in connection with a grievance."

26.     Article 43 of the CBA prescribes the grievance procedure rights for HAUA members, and HAUA's responsibilities concerning grievances arising from violations of the CBA, including discharges.

<u>COUNT I: EMPLOYER'S CBA VIOLATIONS</u>

27.     Plaintiff realleges and reincorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28.     During the course of his employment with HGEA, Plaintiff consistently performed his job duties well and was never subjected to any warnings, suspensions, or other disciplinary

action. Moreover, at no time did Plaintiff engage in any misconduct warranting termination or disciplinary action.

29.     On or about September 8, 2014, without having previously received a pre-termination notice in any form (verbal or written), Plaintiff received a letter dated September 4, 2014, which notified Plaintiff that his employment with HGEA was terminated effective on the same date (hereinafter, "Termination Letter").   The Termination Letter did not specify any reasons for Plaintiff's termination.

30.     On or about September 8, 2014, Plaintiff sent an email to HGEA Deputy Executive Director Wilbert Holck, Jr. requesting information for the reasons or cause supporting HGEA's decision to terminate his employment.

31.     On or about September 8, 2014, Plaintiff emailed his HAUA representative and HAUA President, Michael Yuen, requesting the Union file a grievance for HGEA's violation of the CBA Articles 10-14, 18, 21, 24, and 35 ("Grievance").

32.     On or about September 15, 2014, Michael Yuen, as Plaintiff's HAUA Union Agent, sent a written statement of the Step 1 grievance to Michele Mitra, HGEA Maui Island Division Chief alleging violation of Articles 10-14, 18, 21, 23-24, and 35 of the CBA ("Step 1 Grievance Letter").   Additionally, the Step 1 Grievance Letter requested relevant documents and information related to Plaintiff's discharge per Articles 13 and 43 of the CBA.

33.     Upon information and belief, the Union and the Employer mutually and timely agreed to waive Step 1 of the grievance procedure.

34.     On or about September 17, 2014, Mr. Yuen, as Plaintiff's HAUA Union Agent, sent a written statement of the Step 2 Grievance to Wilbert Holck, HGEA Deputy Executive Director, alleging violation of Articles 10-14, 18, 21, 23-24, and 35 of the CBA ("Step 2 Grievance

Letter"). Additionally, the Step 2 Grievance Letter requested relevant documents and information related to Plaintiff's discharge per Articles 13 and 43 of the CBA.

35.     On or about October 7, 2014, Plaintiff, Mr. Yuen, and Employer met and discussed the grievance ("Grievance Meeting"). At this meeting Employer failed to give any specific reason, cite any specific incident, or provide any proper cause for Plaintiff's discharge.

36.     At the Grievance Meeting, Employer informed Plaintiff that there was no possibility the Employer would rescind the termination or otherwise reinstate Plaintiff.

37.     Employer also failed to provide any documentation, information or other material to Plaintiff as requested in the Step 1 Grievance Letter, Step 2 Grievance Letter, or CBA. Instead Employer informed Plaintiff at the Grievance Meeting that it would only provide the requested material pursuant to an arbitration in clear violation of the CBA.

38.     On or about October 20, 2014, Employer provided its response to Plaintiff's Step 2 Grievance Letter by stating that the grievance was denied without providing any cause for Plaintiff's termination.

39.     On or about October 21, 2014, Mr. Yuen, as Plaintiff's HAUA union agent, sent a written statement of the Step 3 Grievance to Wilbert Holck notifying HGEA of HAUA's intent to arbitrate the Grievance and requesting selection of an arbitrator ("Notice of Intent to Arbitrate").

40.     Upon information and belief, after the Notice of Intent to Arbitrate, neither HGEA nor HAUA took any action to select an arbitrator as required by Article 43F of the CBA.

41.     In light of the foregoing, Employer willfully violated and breached the following CBA provisions:

a. CBA Article 12A – No permanent Employee shall be disciplined or discharged without proper cause. Any disciplinary action taken against an Employee shall be confidential. Verbal reprimands and oral warnings shall be given in private.

    i. Here, Employer did not have proper cause to terminate Plaintiff's employment as a Union Agent.  Employer provided no reasons because no legitimate reasons existed.

b. CBA Article 13 – An Employee shall, upon request and by appointment, be permitted to examine his personnel file. He shall be given a copy of any material if it is to be used in connection with a grievance.

    i. Despite Plaintiff's and Mr. Yuen's separate requests, Employer refused to provide Plaintiff with any information relevant to his termination and subsequent grievance.

c. CBA Article 14 – Upon request an Employee shall be allowed to review the Evaluation Guidelines.

    i. Plaintiff was never provided this information.

d. CBA Article 43E – If the Grievance is not satisfactorily resolved at Step1, the grievant or the Union may appeal the grievance in writing to the Executive Director or his designee within seven (7) working days after receiving the written answer….A meeting to discuss the grievance shall be held within seven (7) working days after receipt of the appeal. The Executive Director or his designee shall reply in writing to the grievant or the Union within seven (7) working days after the meeting.

      i.  Mr. Yuen submitted the Step 2 Grievance Letter on September 17, 2014. Despite the seven-day meeting requirement, Plaintiff's Step 2 meeting did not occur until fourteen (14) business days had elapsed on October 7, 2014. Employer's Step 2 decision – which was devoid of any reasons for Plaintiff's termination – was also untimely issued nine (9) business days later.

    e.  CBA Article 43F – If the grievance is not resolved at Step 2 and the Union desires to proceed with arbitration, it shall serve written notice on the Employer or his representative of its desire to arbitrate within ten (10) working days after receipt of the Employer's decision at Step 2. Representatives of the parties shall attempt to select an Arbitrator immediately thereafter. If agreement on an Arbitrator is not reached within ten (10) working days after the notice for arbitration is submitted, either party may request the Federal Mediation and Conciliation Service to submit a list of five (5) local Arbitrators. Selection of an Arbitrator shall be made by each party alternately deleting one (1) name at a time from the list.

      i.  Mr. Yuen sent HGEA HAUA's notice of intent to arbitrate the day after HGEA's Step 2 decision. At no time thereafter was an arbitrator selected to adjudicate Plaintiff's unlawful termination.

42.    CBA Article 10 provides, "The Employer and the Union shall not discriminate against any Employee on the basis of race, color, religion, national origin, sex, or disability." Upon information and belief, HGEA violated Article 10 by terminating Plaintiff based upon his race, color, national origin and sex.

43.     On or about July 2, 2014, union agent Tehani Nunez described an issue with an uncooperative member during an HGEA agent meeting whereupon HGEA Maui Division Director Michele Mitra immediately inquired whether the member was "white."  Given the context of the situation, Ms. Mitra's speculative question clearly signified her belief that "white" members were uncooperative and troublesome.  Tehani Nunez confirmed that the member was white and blond.

44.     After the July 2, 2014 agent meeting, Plaintiff verbally complained to Ms. Mitra that her comment regarding a negative racial stereotype of Caucasians as problem members made Plaintiff uncomfortable because he was also part Caucasian and non-local. Plaintiff informed Ms. Mitra that he would make a formal complaint if she did not stop making such racially offensive comments.

45.     Ms. Mitra has previously and consistently expressed the negative stereotype that white "haole" mainland transplants were problem members and complainers.  For example, on several occasions, Ms. Mitra criticized her Bargaining Unit 09 Registered Nurses at the Maui Memorial Medical Center, and Bargaining Unit 13 School Based Behavioral Health Specialists and Psychologists from the Department of Education with statements to the effect that the white "haole" out-of-state transplants within those bargaining units were trouble makers and that she disliked those particular members.

46.     Plaintiff is part Caucasian and is originally from Germany. His race and national origin are apparent in the way he looks and speaks. Plaintiff speaks with a non-local and European accent.  The lack of any legitimate basis for Plaintiff's termination and the blatant derogatory comments by Ms. Mitra about "haole" mainland transplants evidence that Plaintiff was unlawfully terminated from his employment based upon his race, color and national origin in

violation of the CBA and federal and state law.   Plaintiff was also terminated from his employment in retaliation for complaining to Ms. Mitra's about her discriminatory statements.

47.     Plaintiff also suffered discrimination because he is male.

48.     Tehani Nunez, a female union agent also employed by HGEA in Maui, was consistently treated more favorably than Plaintiff, who is male, by Ms. Mitra and Employer. Specifically:

   a.   Dress code: Ms. Mitra commented disapprovingly in the past about Plaintiff wearing black athletic shoes to the office. However, Ms. Mitra made no such comment when Ms. Nunez would repeatedly appear in the office wearing gym/work out attire consisting of athletic shoes, tank top, visible sports bra, and form fitting short pants.

   b.   Workload: Plaintiff's workload was substantially heavier and more complex than Ms. Nunez's workload.

   c.   Work Schedules: Plaintiff was verbally admonished by Ms. Mitra in front of an HGEA member and Ms. Nunez for not covering the office on July 25, 2014, even though Plaintiff was given permission to leave the office that day. However, Ms. Nunez was regularly allowed to come in to the office late and leave the office early for no apparent reason.

   d.   On several occasions, Ms. Mitra verbally admonished Plaintiff for issues in which Plaintiff had no culpability.  For example, Ms. Mitra often admonished Plaintiff for not providing office coverage despite the fact that Plaintiff was told no coverage was needed. Yet, on one occasion when the office safe had been left open overnight (a serious infraction given the increased risk of theft), Ms. Mitra took no disciplinary action when she discovered it was left open by Ms. Nunez.

e.  After Plaintiff's verbal complaint to Michele Mitra regarding her offensive comments at the July 2, 2014 agent meeting, Plaintiff was regularly excluded from vital office communications and information.

49.  HGEA states its mission is to "Preserve and advance employee rights and benefits through collective bargaining, legislative action and political action." HGEA exists to advocate for its union member employee rights.

50.  However, HGEA's conduct with regard to Plaintiff's wrongful termination and throughout the grievance process completely contradicts that mission when it involved its own employee as evidenced by its outrageous disregard and violation of the provisions of the CBA.

51.  As a foreseeable and proximate result of Employer's breach of the CBA and wrongful discharge, Plaintiff has suffered substantial losses in employment income, fringe benefits, and will continue to suffer such other losses and benefits.

52.  As a foreseeable and proximate result of Employer's breach of the CBA and wrongful discharge, Plaintiff has suffered substantial mental anxiety, emotional distress, humiliation and irreparable physical and emotional harm.

<u>COUNT II: UNION'S BREACH OF ITS DUTY OF FAIR REPRESENTATION</u>

53.  Plaintiff realleges and reincorporates paragraphs 1 through 52 of this Complaint, as if fully set forth herein.

54.  As the sole and exclusive representative for HGEA's Union Agents, HAUA has a duty to fairly and adequately represent all HAUA members covered by the CBA, with respect to investigating, processing, and arbitrating grievances and enforcing the CBA.  A union breaches its duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.  *See Marquez v. Screen Actors Guild*, 525 U.S. 33, 44

(1998); *see also Beck v. United Food and Commercial Workers Union, Local 99*, 506 F.3d 874, 881 (9th Cir. 2007) (affirming that union's arbitrary failure to pursue grievance constituted breach of duty of fair representation).

55.     Following Plaintiff's receipt of the Termination Letter on September 8, 2014 and the filing of the Step 2 Grievance, Mr. Yuen confirmed to Plaintiff in writing that the Grievance had a great deal of merit and that he anticipated that the Grievance would proceed to arbitration.

56.     In an email dated September 18, 2014, Michael Yuen wrote that he does "not believe Employer has a clear reason stated or any hard evidence to support the discharge action. Employer appears to have acted without any due process afforded to you. Absent any hard evidence on the part of the employer, their case looks very damaging[.]"

57.     In an email dated October 1, 2014, Michael Yuen stated that the "Employer's actions appears arbitrary, capricious, and without just and proper cause. Moving the grievance to arbitration in the quickest possible manner will get you justice."

58.     Nevertheless, apart from subsequently filing the October 21, 2014 Notice of Intent to Arbitrate, HAUA then took no further action on behalf of Plaintiff to enforce his rights under the CBA.   Despite the clear merit of the alleged CBA violations, HAUA did not attempt to immediately select an Arbitrator with Employer or even request a list of potential arbitrators from the Federal Mediation and Conciliation Service as required by Article 43F of the CBA.

59.     On or about November 26, 2014, Plaintiff received notice of the Union's arbitrary decision not to proceed to arbitration and withdraw the Grievance.   On the same day, Plaintiff also received a copy of the Union's notice to Employer that the Union was withdrawing its September 15, 2014 Grievance filed on behalf of Plaintiff.

60.     No reason for the Union's decision not to arbitrate and withdraw the Grievance was provided to Plaintiff.

61.     On information and belief, HAUA and HGEA worked together in bad faith to deny Plaintiff his rights under the CBA as evidenced by the following:

      a.  In deciding whether to continue Plaintiff's Grievance through arbitration proceedings, HAUA referred the matter to its Arbitration Review Board (hereinafter, "ARB") for a full and fair evaluation of its merits.

      b.  Given the composition of the ARB, however, it was virtually impossible for Plaintiff's Grievance to receive a full and fair evaluation.  Specifically, all ARB members are employees of HGEA who clearly have a strong incentive to avoid opposing Employer. This conflict of interest prevents HAUA, ARB, its officers, and its representatives from representing HAUA members fairly, honestly, or in good faith.  Thus, it was no surprise that the ARB ultimately concluded, with no reasons given, that HAUA would not pursue arbitration on behalf of Plaintiff.

      c.  In fact, during a conversation between Mr. Yuen and Plaintiff, Mr. Yuen even stated that HAUA was merely a front for Employer and had no real power.

62.     HAUA breached its duty to fairly represent Plaintiff by its arbitrary and perfunctory conduct in handling Plaintiff's Grievance.  HAUA, in bad faith, failed to adequately challenge and oppose HGEA's breaches of the CBA in terminating Plaintiff's employment.

63.     HAUA failed to compel Employer to provide – through a separate grievance or otherwise – any of the information requested from Employer regarding the Grievance and the wrongful termination.

64.     HAUA additionally failed to pursue arbitration on behalf of Plaintiff when HGEA undoubtedly terminated Plaintiff's employment without any reason and, accordingly, without proper cause.

65.     Plaintiff has attempted to exhaust all available avenues of relief that are warranted under the circumstances, and any other future attempts to exhaust would be inadequate, futile, and would not result in an adequate remedy.

66.     As a foreseeable and proximate result of the Union's breach of its duty of fair representation, Plaintiff has suffered substantial losses in employment income, fringe benefits, health insurance, seniority, retirement entitlements, and other valuable employment benefits, and will continue to suffer such other losses and benefits.

67.     As a further foreseeable and proximate result of the Union's breach of its duty of fair representation, Plaintiff has suffered substantial mental anguish, anxiety, emotional distress, humiliation, and irreparable physical and emotional harm.

68.     As a further proximate result of Employer and Union's conduct, Plaintiff has had to hire legal counsel, has incurred and will continue to incur attorney's fees and related legal expenses to pursue enforcement of Plaintiff's CBA rights.

<u>COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

69.     Plaintiff realleges and reincorporates paragraphs 1 through 68 of this Complaint, as if fully set forth herein.

70.     Defendants' treatment of Plaintiff, as detailed above, constitutes extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society. Defendants' actions and omissions were done with malice, with the intent to cause or knowledge that it would cause, severe mental distress to Plaintiff.

WHEREFORE, Plaintiff requests judgment against HGEA and HAUA, jointly and severally, as follows:

1.      That this Court order reinstatement of Plaintiff, as a full time Union Agent IV, at HGEA, with back pay, health insurance, full seniority rights, and such other employee benefits, retroactive to Plaintiff's date of discharge, in amounts which will make Plaintiff whole, and in amounts which will be shown at trial.

2.      That this Court award compensatory damages in amounts, which will be shown at trial.

3.      That this Court award punitive damages in amounts, which will be shown at trial.

4.      That this Court retain jurisdiction over this action, until Defendant HGEA and HAUA fully comply with the just and proper Orders of this Court.

5.      That this Court award Plaintiff's court costs, reasonable attorneys fees, prejudgment interest, and order such other and further relief as this Court deems just, proper and fair.

DATED: Honolulu, Hawaii, May 12, 2015.

_____/s/ JASON WOO_____
JASON WOO
Attorney for Plaintiff
MARC-ANDRE KIRCHHOF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARC-ANDRE KIRCHHOF,<br><br>       Plaintiff,<br><br>  vs.<br><br>HAWAII ASSOCIATION OF UNION AGENTS, HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, LOCAL 152, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (HGEA/AFSCME LOCAL 152); MICHAEL YUEN, in his official capacity as HAWAII ASSOCIATION OF UNION AGENTS President and Representative; MICHELE MITRA, in her official capacity as Maui Island Division Chief for HGEA/AFSCME LOCAL 152; WILBERT HOLCK, in his official capacity as Deputy Executive Director for HGEA/AFSCME LOCAL 152; JOHN DOES 1-10; JANE DOES 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10,<br><br>       Defendants. | No. CV _____<br><br>JURY DEMAND |

## JURY DEMAND

Plaintiff MARC-ANDRE KIRCHHOF hereby requests trial by jury of any and all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure, as amended, and pursuant to the Constitution of the Unites States.

DATED: Honolulu, Hawaii, May 12, 2015.

_____/s/ JASON WOO_____
JASON WOO
Attorney for Plaintiff
MARC-ANDRE KIRCHHOF